| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RANDY TY'RICE SHAW, #14134-078     §
                                   §   CIVIL ACTION NO.  4:18-CV-463
*versus*                           §   CRIMINAL ACTION NO. 4:06-CR-311(1)
                                   §
UNITED STATES OF AMERICA           §

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (#23) concluding that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections (#24), asserting that a new Supreme Court case, *Borden v. United States*, ___ U.S. ___, 141 S. Ct. 1817, ___ L.Ed.2d ___ (2021), applies to his case. The Court directed Respondent to file a response specifically addressing this contention (#26). Respondent timely filed a response (#28), arguing that *Borden* is inapplicable to Movant's case.

The record shows that Movant pled guilty to possession with intent to distribute and dispense cocaine base, in violation of 21 U.S.C. § 841(a)(1). The presentence report determined that Movant qualified as a career offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1 (2006), because he had at least two prior felony convictions of a crime of violence, including three prior Texas convictions for Aggravated Assault with a Deadly Weapon and one prior Texas conviction for Deadly Conduct-Discharge of a Firearm.[1] Movant's guideline range was 262 to

---

[1] The Fifth Circuit has since concluded that a generic conviction for Deadly Conduct under section 22.05 of the Texas Penal Code is not a crime of violence as defined by the career offender guideline. *See United States v. Dixon*,

327 months' imprisonment. The Court sentenced Movant to 320 months' imprisonment but later reduced his sentence to 230 months' imprisonment under the First Step Act.

Movant filed a § 2255 motion, arguing that his Texas convictions for Aggravated Assault with a Deadly Weapon no longer qualify as "crimes of violence" under the career offender guideline in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). On June 3, 2021, the Court issued a Report and Recommendation, recommending that Movant's § 2255 motion be denied and dismissed with prejudice.

One week later, the Supreme Court decided *Borden*, which concluded that offenses with a mens rea of recklessness are not encompassed by the elements clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(2)(B)(i). Movant then filed objections (#24) to the Report and Recommendation, arguing that his Texas convictions for Aggravated Assault with a Deadly Weapon no longer qualify as "crimes of violence" under the career offender guideline in light of *Borden* because the offense of Aggravated Assault with a Deadly Weapon has a mens rea of recklessness.

The Court agrees with Respondent that *Borden* offers Movant no relief based on the facts of his case. *Borden* addressed the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), which is similar to the elements clause in U.S.S.G. § 4B1.2(a)(1). *Borden* did not address the enumerated offense clause of 18 U.S.C. § 924(e)(2)(B)(ii). Thus, if the *Borden* holding is applied to the definition of "crime of violence" in § 4B1.2,[2] it would apply to the elements

---

265 F. App'x 383, 385 (5th Cir. 2008). Respondent submits that Movant's prior conviction for Deadly Conduct-Discharge of a Firearm is no longer at issue.

[2] The Fifth Circuit has held that its precedent regarding ACCA's definition of a "violent felony" is directly applicable to the Guidelines definition of a "crime of violence." *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015); *see also United States v. Jones*, 752 F.3d 1039, 1041 (5th Cir. 2014) (noting that, in interpreting "§ 4B1.2(a) of the Guidelines, our court has considered decisions of the Supreme Court construing the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), to be instructive").

clause, not the enumerated offense clause. The Fifth Circuit has held that Texas aggravated assault constitutes one of the enumerated offenses under § 4B1.2(a)(2).[3] *See United States v. Cruz*, 691 F. App'x 204, 205 (5th Cir. 2017); *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007); *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002); *see also United States v. Garces*, 686 F. App'x 252, 253 (5th Cir. 2017) ("[A] conviction for aggravated assault under Texas Penal Code § 22.02(a) qualifies as a conviction for the enumerated offense of 'aggravated assault' and is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii)" as well as § 4B1.2). Thus, even if Texas's crime of Aggravated Assault with a Deadly Weapon no longer satisfies U.S.S.G. § 4B1.2(a)(1)'s elements clause in light of *Borden*, it still constitutes one of the enumerated offenses under § 4B1.2(a)(2). Additionally, the Court notes—as it did in the Report and Recommendation—that if Movant had not been classified as a career offender, his guideline sentencing range would have been 185 to 235 months' imprisonment. The Court reduced Movant's sentence to 230 months' imprisonment under the First Step Act. Thus, Movant's reduced sentence is within the guideline sentencing range had he not been sentenced as a career offender. Movant fails to show the Report and Recommendation is in error or that he is entitled to habeas relief based on the Supreme Court's recent decision in *Borden*.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Movant to the Report, the Court is of

---

[3] Aggravated assault is enumerated as a crime of violence in Application Note One in the commentary of § 4B1.2 of the 2006 version of the Sentencing Guidelines, which was used in Movant's case. The current version of the Sentencing Guidelines has moved the list of enumerated offenses from the commentary to the main text, but aggravated assault remains an enumerated crime of violence. *See* U.S.S.G. § 4B1.2(a)(2) (2018).

the opinion that the findings and conclusions of the Magistrate Judge are correct, and Movant's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A Certificate of Appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 27th day of July, 2021.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE